UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| In re | ) | |
| | ) | Chapter 7 |
| CAPE COD LODGE, LLC, | ) | Case No. 24-11706-CJP |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO
CONDUCT EXAMINATION OF TAYLOR PERKINS AND TO COMPEL
PRODUCTION OF DOCUMENTS PURSUANT TO FED. R. BANKR. P. 2004**

Donald Lassman, Chapter 7 Trustee of the above-captioned estate (the "Trustee"), hereby

moves for the entry of an order directing Taylor Perkins ("Perkins") to produce documents and

appear for examination under oath at a time and place to be designated by the Trustee.  In

support of his motion, the Trustee states as follows:

1.  On August 22, 2024, Cape Cod Lodge, LLC (the "Debtor") filed a voluntary petition

under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").  By order dated

November 21, 2024, this Court converted the Debtor's case to a case under Chapter 7 of the

Bankruptcy Code.  That same day, the Trustee was appointed Chapter 7 Trustee.

2.  Perkins is the sole manager of the Debtor.  He has been the sole manager since the

Debtor was formed in 2022.

3.  The § 341 meeting following conversion was held on December 19, 2024.  Continued

meetings were held on February 27, 2025; March 26, 2025; April 16, 2025; and April 25, 2025.

Perkins appeared as the representative of the Debtor at each such meeting.

4.  At the § 341 meeting on December 19, Perkins testified that the Debtor had filed a

2022 tax return (and produced a copy), that the Debtor had given records for its 2023 tax return

to an accountant (who had not prepared a tax return, presumably because he was not paid in full),

and that the Debtor's records for 2024 were in his possession.  The Trustee asked Perkins to

provide him with all of the Debtor's records in Perkins' possession.

5.  Perkins never provided the Trustee with any Debtor records for 2024 (or 2023).  At

each continued § 341 meeting he gave an excuse for not doing so, each weaker than the last.  It is

clear to the Trustee that Perkins will not provide him with anything more absent a Court order.[1]

6.  Pursuant to Fed. R. Bankr. P. 2004(a)-(b), "[o]n motion of any party in interest, the

court may order the examination of any entity," insofar as it relates to "the acts, conduct, or

property or to the liabilities and financial condition of the debtor, or to any matter which may

affect the administration of the debtor's estate."  Further, pursuant to Fed. R. Bankr. P. 2004(c)

and 9016, the Trustee may subpoena documents from an entity compelled to appear for

examination.

7.  The Trustee wishes to investigate the financial condition and acts of the Debtor in

2023 and 2024, in his efforts to determine whether and what causes of action the bankruptcy

estate may have based on these acts.  Perkins has testified that he has records for 2024, but he

has not produced those records to the Trustee.

8.  The documents the Trustee seeks are described in Schedule A attached hereto.

9.  These requests for examinations and documents relate directly to the Debtor's acts and

the Trustee's administration of the Debtor's bankruptcy estate.

---

[1] Eventually, the Trustee did receive the Debtor's 2023 records from the accountant, but those
records constituted QuickBooks entries only and did not have any bank records supporting such
entries.

10.  The Trustee wishes to have the right to examine Perkins under oath about the documents he produces after he produces them.

WHEREFORE, the Trustee respectfully requests that this Court enter an order:

1.  Authorizing the Trustee to conduct an examination of Perkins, at a time and place and via a method to be designated by the Trustee or his counsel, on not less than twenty-one (21) days' written notice;

2.  Requiring that Perkins produce to the Trustee's counsel at least seven (7) days prior to any examination, at a place and time to be determined, all of the documents in his possession, custody, or control described in Schedule A attached hereto;

3.  Authorizing the issuance of subpoenas and subpoenas *duces tecum* pursuant to Fed. R. Bankr. P. 2004(c) and 9016; and

4.  Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

DONALD LASSMAN,
   CHAPTER 7 TRUSTEE,

By his attorneys,


 /s/ Adam J. Ruttenberg
Adam J. Ruttenberg (BBO# 553158)
BEACON LAW GROUP, LLC
935 Great Plain Avenue, #116
Needham, MA  02492
(617) 235-8600
aruttenberg@beaconlawgroup.com

Dated:  May 28, 2025

## CERTIFICATE OF SERVICE

I, Adam J. Ruttenberg, hereby certify that on May 28, 2025, a true copy of **Chapter 7 Trustee's Motion for Authority to Conduct Examination of Taylor Perkins and to Compel Production of Documents Pursuant to Fed. R. Bankr. P. 2004,** (with **Schedule A** and proposed **Order** attached) was served on the following by first-class mail, postage prepaid:

Taylor Perkins
18 Cross Street
Dennisport, MA  02639

I understand that notice of this filing was sent by the Court, by e-mail, to:

- Joseph G. Butler     jgb@jgbutlerlaw.com, JGButlerlaw@gmail.com
- Jacqueline Doyle     jmp@bostonbusinesslaw.com
- Jonathan Hixon     JMH@bostonbusinesslaw.com
- Justin Kesselman     justin.a.kesselman@usdoj.gov
- Richard King – B     USTPRegion01.BO.ECF@USDOJ.GOV
- Donald Lassman     don@lassmanlaw.com, dlassman@ecf.axosfs.com
- Michael H Theodore     mtheodore@cohnanddussi.com, lcohn@cohnanddussi.com

 /s/ Adam J. Ruttenberg
Adam J. Ruttenberg